[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No.  19-13402
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cr-00207-CAP-CMS-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KYRIE CAMPBELL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(May 19, 2020)

Before WILSON, ROSENBAUM and MARCUS, Circuit Judges.

PER CURIAM:

The government's motion to dismiss this appeal pursuant to a valid appeal

waiver in Appellant's plea agreement is GRANTED.  As the record reflects,

Campell knowingly and voluntarily waived his right to appeal his sentence pursuant to the provision in his plea agreement.  At the hearing, the district court specifically asked Campbell about the appeal waiver provision, the government read aloud the full appeal waiver, and the court asked Campbell if he agreed with the government's description and understood it, to which he responded that he understood the waiver and the rights he was giving up.  Thus, Campbell knowingly and voluntarily waived his right to appeal his sentence, except within the exceptions defined in the waiver.  See United States v. Bushert, 997 F.2d 1343, 1350-51 (11th Cir. 1993) (holding that a sentence appeal waiver will be enforced if it was made knowingly and voluntarily).

In addition, none of the exceptions to Campbell's appeal waive apply.  He does not allege an upward departure or variance above his guideline range calculated by the district court, or ineffective assistance of counsel, nor did the government initiate this appeal.  As for Campbell's argument that he should be able to appeal the substantive unreasonableness of his sentence, that claim is not one of the provided exceptions to his appeal waiver.  Further, his arguments about not enforcing appeal waivers generally are foreclosed by our binding precedent holding that appeal waivers will be enforced if made knowingly and voluntarily, and he does not identify a reason specific to him about why his plea agreement's appeal waiver should not be enforced. See id.

2

Thus, we grant the government's motion to dismiss, and deny its request for an extension of time to file a response brief as moot.

**DISMISSED**.